UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-104-TAV-HBG |
| | ) | |
| WILLIAM J. BREWSTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 5, 2016, for a motion hearing on the Defendant's Motion to Continue Trial and to Extend Motion Deadline and Plea Bargain Deadline [Doc. 22], filed on January 4, 2016. Assistant United States Attorney Cynthia Davidson represented the Government. Attorney Ruth Ellis represented the Defendant, who was also present for the hearing.

The motion states that a continuance of the trial date and associated deadlines should be extended in order to ensure effective assistance of counsel and zealous representation. Specifically, the motion submits that the parties are engaged in discussions regarding resolution of this mater but the specifics of the resolution have yet to be determined. The Defendant requests additional time to consider his options going forward in this case and agrees that any additional time granted by the Court is excludable for purposes of the Speedy Trial Act. During the hearing, defense counsel confirmed that she has discussed the need for a continuance with the

1

Defendant who is in agreement that an extension of time is needed and agreed to waive his rights to a speedy trial. The Government stated it had no objection to a continuance. The parties then agreed on a new trial date of March 22, 2016.

The Court finds the Defendant's motion to continue to be well-taken, and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that Defendant's motion demonstrates a need for additional time for defense counsel to interview her client and review discovery and the facts of the case to make a determination how best to proceed in this matter. The Court finds that this necessary trial preparation could not take place before the January 19, 2016 trial date, or less than two-and-a-half months. Accordingly, the Court finds that the failure to grant a continuance would deprive counsel of the reasonable time necessary to prepare for trial despite her use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, the Defendant's Motion to Continue Trial and to Extend Motion Deadline and Plea Bargain Deadline [**Doc. 22**] is **GRANTED**, and the trial is reset to **March 22, 2016**. The Court also finds that all the time between the motion hearing on January 5, 2016, and the new trial date of March 22, 2016, to be fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to further scheduling in this case, the deadline for filing pretrial motions is **February 5, 2016**, with responses due on or before **February 19, 2016**. The parties are instructed to appear before the undersigned for a pretrial conference on **March 4, 2016, at 11:00 a.m.** This date shall also serve as the deadline for concluding plea negotiations. In addition, the Court instructs the parties that all motions *in limine* must be filed no later than **March 7, 2016**. Finally, special requests for jury instructions

shall be submitted to the District Court no later than **March 11, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial and to Extend Motion Deadline and Plea Bargain Deadline [**Doc. 22**] is **GRANTED**;

(2) The trial of the Defendant is reset to **March 22, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the motion hearing on **January 5, 2016**, and the new trial date of **March 22, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is **February 5, 2016**, and responses are due on or before **February 19, 2016**;

(5) The parties are to appear before the undersigned on **March 4, 2016, at 11:00 a.m.** for a pretrial conference;

(6) The parties have until **March 4, 2016**, to conclude plea negotiations;

(7) Motions *in limine* must be filed no later than **March 7, 2016**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **March 11, 2016**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge