UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-104 |
| | ) | |
| WILLIAM J. BREWSTER | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's counseled motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i). [Doc. 50]. The United States has responded in opposition to the motion. [Docs. 46, 51]. The defendant has not submitted a reply within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motion will be denied.

### I. BACKGROUND

In August 2016, the Honorable Thomas W. Phillips sentenced the defendant to a 100-month term of imprisonment for being a felon in possession of firearms. The defendant is presently housed at FCI Butner Medium I with a projected release date of May 12, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 16, 2020). He now moves for immediate compassionate release due to the COVID-19 pandemic, throat cancer, hepatitis B, and cirrhosis of the liver.

### II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and

compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may

2

move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id*. at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id*. (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

The defendant has previously submitted requests for compassionate release to the BOP, and more than 30 days have passed since those requests were received by the warden. [Doc. 50, ex. 1, 2]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

3

> 1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

The Court construes the defendant's motion as relying on subsection (A)(ii)(I). As noted above, he cites the COVID-19 pandemic, his history of throat cancer, hepatitis B, and cirrhosis of the liver.

The defendant, who is age 55, tested positive for COVID-19 in April or May of this year. [Doc. 51, p. 3]. He apparently remained asymptomatic and has recovered, although there of course remains a risk of reinfection. The defendant's prison has been previously hard hit by COVID-19, and nine inmates there have died. The facility seems to be regaining control of the virus, with 189 inmates and 33 staff having recovered and current positive cases down to three inmates and no staff. *See* Bureau of Prisons,

4

https://www.bop.gov/coronavirus/ (last visited September 16, 2020).

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

The defendant was diagnosed with cancer of the tongue or throat in 2018. [Doc. 51, p. 1]. He underwent chemotherapy. [*Id.*]. As of August 11, 2020, the disease is in remission. [*Id.*]. The defendant undergoes periodic PET scans because "[o]ngoing surveillance [is] needed." [*Id.*].

The defendant has also been diagnosed with hepatitis B and cirrhosis of the liver. [Doc. 50, ex. 3, p. 4, 7]. He takes daily medication for hepatitis B and receives annual liver imaging. [*Id.*, p. 4].

The Court recognizes that persons with cancer are presently considered to be at increased risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 16, 2020). People with cirrhosis of the liver may also be at a higher risk, *id.*, as may be those with hepatitis B. According to the Centers for Disease Control,

5

> Currently, we have no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19. However, based on available information and clinical expertise, older adults and people of any age who have serious underlying medical conditions, including people with liver disease, might be at higher risk for severe illness from COVID-19, particularly if the underlying medical conditions are not well controlled.

*See* What to Know About Liver Disease and COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited September 16, 2020).

This case presents perhaps a closer call than most compassionate release requests submitted to this Court. Nonetheless, the undersigned concludes that the defendant's cited medical conditions do not at this time appear to be of the severity contemplated by guideline 1B1.13's policy statement. *See, e.g., United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (medically managed serious health conditions, paired with a generalized fear of COVID-19, fell short of "extraordinary and compelling reasons" justifying compassionate release). The defendant's cancer is presently in remission and his liver conditions do not appear to substantially interfere with his functioning. Therefore, the Court finds that the defendant is not presently suffering from a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." His motion for compassionate release must therefore be denied.

### 2. Danger to Any Other Person or to the Community

Additionally, the defendant has not shown that he would not be a danger if released. Guideline 1B1.13 provides that compassionate release is only appropriate where "the

6

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has familiarized itself with the defendant's PSR, to which the defendant offered no objections at sentencing. [Docs. 33, 34]. The Court has also considered the defendant's BOP SENTRY Report.

7

Case 3:15-cr-00104-RLJ-HBG   Document 52   Filed 09/17/20   Page 7 of 9   PageID #: 402

The defendant is commended for not incurring any disciplinary sanctions during his present incarceration. The Court also notes that the defendant's proposed release plan has been investigated by the probation office of this district and has been deemed acceptable. Those considerations are, however, outweighed by the defendant's criminal history as it relates to the circumstances of his offense of conviction.

In this case, the defendant was arrested at his home in possession of three firearms. [Doc. 33, ¶ 9-10]. A confederate admitted transferring those stolen guns to him in exchange for money or methamphetamine. [*Id.*, ¶ 13]; *see* Fed. R. Crim. P. 32(i)(3)(A) ("[T]he court may accept any undisputed portion of the presentence report as a finding of fact[.]").

Also found at the defendant's home "were several shake bottles used in the manufacture of methamphetamine." [*Id.*]. That fact severely troubles the Court. The defendant has previously received three year-plus sentences for methamphetamine manufacture offenses [*id.*, ¶ 33, 35-36] but that imprisonment plainly has not deterred him from engaging in the very same misconduct when the opportunity presents itself. The Court therefore cannot find that the defendant would not pose a danger to the safety of another person or the community if released. For this additional reason, the defendant's motion must be denied.

### 3. Section 3553(a) Factors

The facts underlying a review of the 18 U.S.C. 3553(a) factors in this case are essentially the same as those considered in the preceding section of this memorandum. The requested sentence reduction in this case would not reflect the seriousness of the offense of conviction, would not promote respect for the law or afford adequate deterrence, and

8

would not adequately protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). For these additional reasons, the defendant's motion must be denied.

## III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 50] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge